1  Kent Khtikian, Esq. (#99843)
   Kimberly A. Hancock Esq. (#205567)
2  Katzenbach and Khtikian
   1714 Stockton Street, Suite 300
3  San Francisco, California  94133-2930
   Telephone: (415) 834-1778
4  Facsimile: (415 834-1842

5  Attorney for Plaintiffs

6

7                                          E-filing

8                    UNITED STATES DISTRICT COURT                    MMC

9                  NORTHERN DISTRICT OF CALIFORNIA

10                                              CV 08            2179
   TRUSTEES OF THE BRICKLAYERS LOCAL NO.    ) CASE NO.
11 3 PENSION TRUST; TRUSTEES OF THE         ) (Labor)
   BRICKLAYERS LOCAL NO. 3 HEALTH AND       )
12 WELFARE TRUST; TRUSTEES OF THE           ) COMPLAINT
   BRICKLAYERS AND ALLIED CRAFTS LOCAL      ) FOR BREACH OF
13 NO. 3 APPRENTICE TRAINING TRUST;         ) BARGAINING AGREEMENT;
   INTERNATIONAL UNION OF                   ) RECOVERY OF DELINQUENT
14 BRICKLAYERS AND ALLIED CRAFTWORKERS      ) WAGE & FRINGE BENEFIT
   AFL-CIO, LOCAL UNION NO. 3, on behalf    ) CONTRIBUTIONS;
15 of itself and as agent for              ) INJUNCTION
   its members; TRUSTEES OF THE             )
16 INTERNATIONAL UNION OF BRICKLAYERS AND   )
   ALLIED CRAFTSMEN PENSION FUND,           )
17                                          )
                                            )
18         Plaintiffs,                      )
                                            )
19 vs.                                      )
                                            )
20 CALIFORNIA COATINGS - WATERPROOFING      )
   ENGINEERS, INC., doing business as "Pacific Coast )
21 Restoration",                            )
                                            )
22         Defendant.                       )
   _____ )
23

       Plaintiffs, and each of them, complain against the above-named defendants and allege as
24
   follows:
25
                                      I
26                      FIRST CLAIM FOR RELIEF
                        (Delinquent Contributions)
27                      (29 U.S.C. Section 1145)

28
       1.  This is an action to collect unpaid contributions to multiemployer benefit plans

                                       COMPLAINT

1   pursuant to the terms of each plan, its respective trust agreement and a collective bargaining

2   agreement.  Jurisdiction of this action is conferred on this Court by the provisions of the

3   Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132(a), (e),

4   and (f) and 1145.  Jurisdiction of this action is also conferred on this Court by the provisions of

5   28 U.S.C. Section 1331(a).

6         2.  This District is the appropriate venue for this action, pursuant to 29 U.S.C. Section

7   1132(e)(2), as all of the plans are administered in this District and the breach took place in this

8   District.

9         3.  Plaintiff, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED

10  CRAFTWORKERS, AFL-CIO, LOCAL NO. 3, an affiliate of the International Union Of

11  Bricklayers And Allied Craftworkers, AFL-CIO, hereinafter the "Union", is and at all times

12  material herein was a labor organization and the collective bargaining representative for persons

13  who are engaged, by defendants as masons in the construction industry in Northern California.

14  As such the Union is a employee organization representing employees in an industry affecting

15  commerce, within the meaning of Section 301 of the LMRA, the definitions contained in

16  Sections 2(5), and 501(1) and (3) of the LMRA (29 USC Sections 152(5), 142(1) & (3)) and 29

17  U.S.C. Sections 1002(4) and 1003.  The Union maintains its principal office for such purpose in

18  Oakland, California.

19        4.  The Union brings this action on behalf of itself and as agent for and assignee of its

20  members, all of whom were employed by CALIFORNIA COATINGS - WATERPROOFING

21  ENGINEERS, INC. doing business as Pacific Coast Restoration, to perform work under the

22  collective bargaining agreement described in paragraphs 8, 9, 12 and 17 through 19 of this

23  complaint.

24        5.  Plaintiffs, TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST

25  (hereinafter "Pension Fund"), TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH

26  AND WELFARE TRUST (hereinafter "Welfare Fund"), TRUSTEES OF THE BRICKLAYERS

27  AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST (hereinafter

28  "Apprentice Fund") and TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS

1  AND ALLIED CRAFTSMEN PENSION FUND (hereinafter "International Pension Fund"), are

2  trustees and fiduciaries of multiemployer employee benefit plans pursuant to ERISA, 29 U.S.C.

3  Sections 1002(3) and (37) and 1132(d)(1).  The Pension Fund, Welfare Fund and Apprentice

4  Fund each has its office in San Francisco, California.

5      6.  The Union brings this action on behalf of itself and as agent for it members and other

6  individuals whose identity is not currently known to plaintiffs, hereinafter referred to as "Mason

7  Employees".  The Mason Employees were employed by defendant CALIFORNIA COATINGS -

8  WATERPROOFING ENGINEERS, INC. doing business as "Pacific Coast Restoration", to

9  perform work under the collective bargaining agreement described in paragraphs 8, 9, 12 and 17

10  through 19 of this complaint.

11      7.  Defendant CALIFORNIA COATINGS - WATERPROOFING ENGINEERS, INC.

12  doing business as "Pacific Coast Restoration", (hereinafter "Pacific Coast") is and at all material

13  times herein was a California corporation with its principal office and place of business in the

14  City and County of San Francisco, California.   At all times material herein, Pacific Coast has

15  engaged in the construction industry in California and as such has been an employer engaged in

16  an industry or activity affecting commerce within the meaning of 29 U.S.C. Sections 1002(5) and

17  1003, Section 301 of the LMRA, and of the definitions contained in Sections 2(2), and 501(1)

18  and (3) of the LMRA (29 USC Sections 152(2), 142(1) & (3)).

19      8.  At all times material herein, the Union has been party to a written collective

20  bargaining agreement with Pacific Coast which agreement requires that Pacific Coast pay various

21  wages and fringe benefits to its employees.  Pursuant to the terms of the collective bargaining

22  agreement, Pacific Coast agreed to be bound by the terms and conditions of each of the trust

23  agreements under and in accordance with which each of the Funds was established and is

24  maintained.

25      9.  The collective bargaining agreement and the trust agreements all require Pacific Coast

26  to report in writing each month to the administrator of the Funds the total number of hours

27  worked by any person employed by Pacific Coast to perform work within the jurisdiction of the

28  collective bargaining agreement (hereinafter referred to as the "remittance reports").  The

1   collective bargaining agreement and the trust agreements all require Pacific Coast to submit those

2   monthly remittance reports together with the payments indicated by those reports to the

3   administrator of the Funds by the 15th day of the calendar month first following the calendar

4   month in which the hours were worked.

5          10.   Pacific Coast has failed to file the required remittance reports and to pay the

6   corresponding required fringe benefit contributions to the Funds and the required vacation and

7   dues check-off payments (hereinafter "wages") to the Mason Employees and the Union, for hours

8   worked during the month of August  2007 and during the period from November 1, 2007 to the

9   present.

10         11.   Demand has been made for the remittance reports and corresponding payment for

11  fringe benefits and wages, but Pacific Coast has refused and continues to refuse to submit the

12  remittance reports and pay the sum owed for work performed during the month of August 2007

13  and during the period from November 1, 2007 to the present.

14         12.   Pursuant to the Trust Agreements, the collective bargaining agreement and by statute

15  (ERISA section 502(g)(2)(B)), if payments are not made, or if remittance reports are not

16  submitted in a timely manner, Pacific Coast is required to pay liquidated damages equal to the

17  greater of one hundred dollars ($100.00) or ten percent (10%) of the unpaid monthly

18  contributions if the principal amount is paid within 30 days of the due date and twenty percent

19  (20%) of the unpaid monthly contributions if they are paid more than 30 days after the due date.

20  This liquidated damage amount is owed on all hourly fringe benefits accrued to the present, in an

21  amount to be determined.  In addition, under the terms of ERISA (section 502(g)(2)), the trust

22  agreements and Article XIII of the Collective Bargaining Agreement, plaintiffs are entitled to

23  attorney's fees, auditor's fees, interest and collection costs on any delinquency described in this

24  complaint.

25         13.   Plaintiffs are entitled to unpaid fringe benefits due the Pension Fund, the

26  International Pension Fund, the Welfare Fund and the Apprentice Fund for hours worked during

27  August 2007 and from November 1, 2007 to the present in an amount to be determined, plus

28  interest thereon from September 15, 2007, plus plaintiff's attorney's fees and costs, plus the

greater of liquidated damages or interest, plus penalties, pursuant to 29 U.S.C. Section

1132(g)(2), Labor Code Sections 201, 203, 218.5 and 218.6, all according to proof.

**II**
**SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**
**(29 U.S.C. Section 185)**

14.   Plaintiffs reallege and incorporate herein by reference each and every allegation set

forth in paragraphs 1 through 13, inclusive, of this complaint as though fully set forth at this

point.

15.   This is an action to enforce a collective bargaining agreement pursuant to 29 U.S.C.

Section 185.  Jurisdiction of this action is also conferred on this Court by the provisions of 28

U.S.C. Section 1331(a).

16.   The Union and the persons on whose behalf the Union brings this action have duly

performed all conditions of the agreement on their part to be performed.

17.   Article XIII, Section 1.C, of the collective bargaining agreement states:

> "Each monthly contribution to the Trusts shall be made promptly
> and is due on or before the fifteenth (15th) day of the calendar month
> following the month such hours are worked.  If not paid in full by the
> fifteenth (15th) day of the month, the contribution will be delinquent and
> subject to liquidated damages.  Each employer shall also prepare a
> monthly transmittal covering each employee who performs work subject to
> this Agreement ...  It shall be the responsibility of the employer to make
> sure the monthly contribution and report form is postmarked by the Post
> Office on or before the fifteenth (15th) day of the month.  If such envelope
> containing the contribution and report form is postmark dated after the
> fifteenth (15th) day of the month, such report form and contribution shall
> be considered delinquent, and the employer shall be in breach of this
> Agreement and liquidated damages shall be assessed."

18.   Article XIII, Section 1.C of the collective bargaining agreement further provides that

should Pacific Coast fail to submit reports or make the required payments by the agreed date,

Pacific Coast shall be liable for liquidated damages.  In relevant part, the collective bargaining

agreement states:

> "The Association, NCPCA and the Union recognize and
> acknowledge that the regular and prompt payment of employer
> contributions and report forms is essential to the maintenance of the
> Trusts, and it would be extremely difficult, if not impractical, to fix the
> actual expense and damage to the Trusts which would result from failure
> of any employer to such monthly contributions and furnish contribution

forms within the time provided.  Therefore, the amount of damages to the
Trusts resulting from any such failure shall be presumed to be the sum of
one hundred dollars ($100.00) or ten percent (10%) of all contributions
due, whichever is greater.  If the delinquency persists over thirty (30) days,
the charge will be twenty percent (20%) of the amount due."

19.  Article XIII, Section 1.B of the collective bargaining agreement states that in the
event it is necessary for the Union or the Trusts to file an action to compel production of monthly
reports, and for the collection of any and all wages, fringe benefit contributions or liquidated
damages, the Union and the Trusts are entitled to recover, in addition to the above-described
liquidated damages, interest at the legal rate, all costs of suit and reasonable attorney's fees
incurred in enforcing this obligation.  The plaintiffs have incurred attorney's fees and costs in an
attempt to recover the delinquent wage and fringe benefit payments.

20.  Defendant Pacific Coast breached the collective bargaining agreement by refusing or
failing: (i) to submit monthly remittance reports during the month of August 2007 and during the
period from November 1, 2007 to the present, (ii) to pay fringe benefits and wages when due in
accordance with the reports for the month of August 2007 and during the period from November
1, 2007 to the present, in an amount to be determined; (iii) to pay liquidated damages and interest
on late payments of fringe benefits as agreed; and (iv) to pay attorney's fees and other collection
costs, all to the detriment of Plaintiffs.

21.  As a consequence of the above-described breach, Plaintiffs are entitled to damages in
an amount equal to the wages and fringe benefit payments required by the agreement and owed
for work performed during the month of August 2007 and during the period from November 1,
2007 to the present in an amount to be determined, interest thereon from the original date of each
late payment, liquidated damages at the rate of 20% in an amount to be determined, penalties,
attorney's fees and costs according to proof  pursuant to the collective bargaining agreement, the
trust agreements incorporated therein to which Pacific Coast has agreed to be bound, California
Civil Code section 3287, and California Labor Code sections 201, 203, 218.5 and 218.6.

///
///
///

## III
## THIRD CLAIM FOR RELIEF
### (Injunction)

22. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 21 of this complaint as though fully set forth at this point.

23. Under the terms of the collective bargaining agreement and each of the Trust Agreements governing the Pension Fund, the Welfare Fund, the Apprentice Fund and the International Pension Fund, the plaintiffs are entitled to audit the payroll and other related records of Pacific Coast as necessary.  Where, as here, the employer has failed to file the required periodic reports, plaintiffs are entitled to conduct such audit at the expense of defendants Pacific Coast.

24. The audit is necessary to determine the exact number of hours worked under the collective bargaining agreement and the exact amount of the delinquencies, liquidated damages and interest.

25. There is no adequate remedy at law for this breach.  Plaintiffs are entitled to prejudgment injunctive relief ordering an audit to be paid by Pacific Coast of the employment records of Pacific Coast for the period from January 1, 2007 to the present.

### PRAYER

WHEREFORE, Plaintiffs pray for judgment as follows:

**I. On the First Claim for Relief**:

For judgment against defendant CALIFORNIA COATINGS - WATERPROOFING ENGINEERS, INC., doing business as Pacific Coast Masonry:

(a) in the principal amount to be determined for unpaid wages and fringe benefits, plus interest thereon at the legal rate from the original due dates commencing September 15, 2007 until paid;

(b) plus plaintiffs' attorney's fees and costs;

(c) plus the greater of liquidated damages in an amount to be determined, calculated at 20% of the principal amount or interest;

all according to proof, pursuant to the agreement between plaintiffs and defendants, 29 U.S.C.

interest thereon at the legal rate from the original due dates commencing September 15, 2007

until paid;

(b) plus plaintiffs' attorney's fees and costs;

(c) plus the greater of liquidated damages in an amount to be determined, calculated at

20% of the principal amount or interest;

all according to proof, pursuant to the agreement between plaintiffs and defendants, 29

U.S.C. Section 1132(g)(2), Labor Code Section 218.5 and any other statute so providing; and,

For penalties against defendant Pacific Coast pursuant to California Labor Code Section 203.

**III.  On the Third Claim for Relief:**

For an injunction ordering CALIFORNIA COATINGS - WATERPROOFING ENGINEERS,

INC., doing business as Pacific Coast Masonry:, to submit to an audit, for the period from

January 1, 2007 through the date of the audit, as required by the terms of the collective

bargaining agreement and the Trust Agreements.  For attorney's fees and costs pursuant to the

collective bargaining agreement and Trust Agreements incorporated therein in an amount

according to proof.

**IV. On Each and Every Claim for Relief:**

For such relief as the Court deems proper.

Plaintiffs hereby request a jury trial pursuant to FRCivP 38(b).

Dated: April 28, 2008                                   KATZENBACH AND KHTIKIAN


By: _____
                                                                KIMBERLY A. HANCOCK
                                                                Attorney for Plaintiffs

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

Northern ———— **DISTRICT OF** ———— California



E-filing

## SUMMONS IN A CIVIL CASE

See 1 in Addendum

**V.**

See 2 in Addendum

CASE NUMBER:

CV 08     2179 MMC

TO: (Name and address of defendant)

CALIFORNIA COATINGS - WATERPROOFING ENGINEERS, INC.
c/o Justen L. Nero
850 S. Van Ness Ave.
San Francisco, CA 94110

**YOU ARE HEREBY SUMMONED** and required to serve up on PLAINTIFF'S ATTORNEY (name and address)

Kent Khtikian, Esq.
Kimberly Hancock, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, CA 94133-2930

an answer to the complaint which is herewith served upon you, within ———— Twenty (20) ———— days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

CLERK

DATE     APR 2 8 2008

Helen L. Almacen

(BY) DEPUTY CLERK

# Addendum

1.  TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST; TRUSTEES
    OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST;
    TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3
    APPRENTICE TRAINING TRUST; INTERNATIONAL UNION OF BRICKLAYERS
    AND ALLIED CRAFTWORKERS AFL-CIO, LOCAL UNION NO. 3, on behalf of itself
    and as agent for its members; TRUSTEES OF THE INTERNATIONAL UNION OF
    BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND;
           Plaintiffs.

2.  CALIFORNIA COASTINGS - WATERPROOFING ENGINEERS, INC., doing business
    as "Pacific Coast Restoration",

    Defendant.