Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California 94133-2930
Telephone: (415) 834-1778
Facsimile: (415 834-1842

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST; TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST; TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST; INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS AFL-CIO, LOCAL UNION NO. 3, on behalf of itself and as agent for its members; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA COATINGS - WATERPROOFING ENGINEERS, INC., doing business as "Pacific Coast Restoration",<br><br>Defendant. | CASE NO. 08-2179 MMC<br>(Labor)<br><br>PLAINTIFF'S SEPARATE CASE MANAGEMENT CONFERENCE STATEMENT<br><br>Date: August 1, 2008<br>Time: 10:30 a.m.<br>Dept.: Courtroom 7<br>     19th Floor<br>     U.S. District Court<br>     450 Golden Gate Ave.<br>     San Francisco, CA 94102<br><br>Judge: The Honorable Maxine M. Chesney |

    Pursuant to this Court's Civil Local Rules 16-2 and 16-9, Plaintiffs submit this separate Case Management Statement And Proposed Order.

    For the reasons set forth below in Section C of this Statement, in order to allow time to effect service on defendant CALIFORNIA COATINGS - WATEPROOFING ENGINEERS, INC., doing business as "Pacific Coast Restoration", Plaintiffs request the Court to set a further case management conference in a period of approximately one hundred twenty (120) days and to

refrain at this time from setting any dates with respect to discovery, dispositive motions, pre-trial and trial dates.

A. **JURISDICTION AND SERVICE.**

This is an action to compel compliance with the audit requirements set forth in a collective bargaining agreement and in related trust agreements pursuant to 29 U.S.C. Section 185. Jurisdiction of this action is conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

Plaintiffs to date have been unable to service defendant CALIFORNIA COATINGS - WATEPROOFING ENGINEERS, INC., doing business as "Pacific Coast Restoration" (hereafter "Pacific Coast"). Plaintiffs attempted service on Pacific Coast on seven separate occasions in May 2008. The process server reported that Pacific Coast' business no longer existed at the business address listed with the California Contractor's State License Board. The process server thereafter attempted service on six separate occasions at the business owner's home address on record with the Union and reported that the residence appeared abandoned.

B. **STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

Defendant (hereinafter, "Pacific Coast") executed a signature page for independent mason contractors pursuant to which Pacific Coast agreed to abide by and to be bound by the collective bargaining agreement by and between the PCC Northern California Masonry Contractors Association and Plaintiff BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL UNION NO. 3, AFL-CIO (hereinafter "Bricklayers Local Union No. 3").

Pursuant to the terms of the Agreement, Pacific Coast agreed to pay certain wages and fringe benefits for all hours worked in the 46 Northern California Counties within the Union's geographic jurisdiction by persons employed by Pacific Coast as masons. In particular, Pacific Coast agreed to report in writing each month to the administrator of the multiemployer benefit trust funds ("Funds") the total number of hours worked by any person employed by Pacific Coast to perform work within the jurisdiction of the collective bargaining agreement (hereinafter referred to as the "remittance reports"). Pacific Coast agreed to submit those monthly remittance reports together with the payments indicated by those reports to the administrator of the Funds by

the 15th day of the calendar month first following the calendar month in which the hours were worked.

Pursuant to the Trust Agreements, the collective bargaining agreement and by statute (ERISA section 502(g)(2)(B)), if payments are not made, or if remittance reports are not submitted in a timely manner, Pacific Coast is required to pay liquidated damages equal to the greater of one hundred dollars ($100.00) or ten percent (10%) of the unpaid monthly contributions if the principal amount is paid within 30 days of the due date and twenty percent (20%) of the unpaid monthly contributions if they are paid more than 30 days after the due date. This liquidated damage amount is owed on all hourly fringe benefits accrued to the present, in an amount to be determined. In addition, under the terms of ERISA (section 502(g)(2)), the trust agreements and Article XIII of the Collective Bargaining Agreement, plaintiffs are entitled to attorney's fees, auditor's fees, interest and collection costs on any delinquency described in this complaint.

Pacific Coast failed to submit to the Funds any remittance reports or payments for employee hours worked for the month of August 2007 and during the period from November 1, 2007 to the present.

**C. PROCEDURAL HISTORY**

On April 28, 2008, Plaintiffs filed the Complaint.

Plaintiffs have attempted service on defendant Pacific Coast on seven separate occasions but to date have been unable to serve defendant Pacific Coast. The process server reported that Pacific Coast' business no longer existed at the business address listed with the California Contractor's State License Board. The process server thereafter attempted service on six separate occasions at the business owner's home address on record with the Union and reported that the residence appeared abandoned.

Pursuant to Federal Rule of Civil Procedure 4(m), plaintiffs request that the Court grant an extension of time of at least 120 days within which to effect service upon defendant. Defendant is a local mason contractor who works on jobs in the Union's jurisdiction from time to

time. Plaintiffs believe that they will have occasion to serve defendant on a job in the near future.

**1. The principal factual issues that the parties dispute are:**

    a. What is the total number of hours which Pacific Coast employed persons, who performed work covered under the collective bargaining agreement with the Union, during the month of August 2007 and during the period from approximately November 1, 2007 through the present?

    b. What is the total number of hours worked by the persons described in subparagraph 1(a) and the total amount owed to plaintiff trust funds for hours worked in the jurisdiction of the collective bargaining agreement during the month of August 2007 and during the period from approximately November 1, 2007 through the present?

This is intended by the plaintiffs to provide only a summary of the principal contested factual issues. Additional contested factual issues may exist and such issues are not waived by plaintiffs.

**2. The principal legal issues that the parties dispute are:**

None.

**D. ALTERNATIVE DISPUTE RESOLUTION**

Plaintiff is agreeable to mediation.

**The parties make the following additional suggestions concerning settlement:**

None.

**The Court hereby orders:**

**E. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Plaintiffs consent to trial presided by a Magistrate Judge.

**The Court hereby refers this case for the following purposes to a magistrate judge:**

**F. DISCLOSURES**

**The parties certify that they have made the following disclosures:**

**1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**

    **a. Disclosed by Plaintiffs:**

No disclosures have been made as defendant Pacific Coast has not been served.

**2. Categories of documents disclosed under FRCivP Rule 26(a)(1) or produced through informal discovery:**

    **a. Categories of documents disclosed by Plaintiffs:**

No disclosures have been made as defendant Pacific Coast has not been served.

**3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:**

Plaintiffs are entitled to attorneys' fees and other costs of collection incurred in collecting the delinquent fringe benefit contributions according to proof.

**4. All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as follows:**

None disclosed.

**5. The parties will disclose the following additional information by the date listed:**

Not required at this time.

**6. Disclosures as required by FRCivP 26(e) will be supplemented at the following intervals:**

None at this time.

**G. EARLY FILING OF MOTIONS**

**The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:**

No date at this time.

**H. DISCOVERY**

**1. Parties have conducted or have underway the following discovery:**

None.

**2. Plaintiffs propose the following discovery plan:**

No dates at this time.

**3. Limitations on discovery tools in accordance with this Court's Supplemental Order to Order Setting Case Management Conference.**

    **a. depositions (excluding experts) by:**

        **plaintiffs:** no limit    **defendant:** no limit

    **b. interrogatories served by:**

        **plaintiffs:**  25 on each defendant

        **defendant:**   25 on each plaintiff

    **c. document production requests served by:**

        **plaintiffs:**  no limit    **defendant:** no limit

    **d. requests for admission served by:**

        **plaintiffs:**  no limit    **defendant:** no limit

**4.  Plaintiffs propose the following limitations on the subject matter of discovery:**

All matters relevant to or calculated to lead to the discovery of evidence relevant to the issues raised by the complaint and defendants' answers to the complaint.

**5. Discovery from experts.**   Plaintiffs plan to offer expert testimony as to the following subject matters:

None planned at this time.

**6. The Court orders the following additional limitations on the subject matter of discovery:**

**7. Deadlines for disclosure of witnesses and completion of discovery:**

    No dates at this time.

**I. PRETRIAL AND TRIAL SCHEDULE**

**1. Trial date:** No date at this time.

**2. Anticipated length of trial (number of days):** 1 to 2.

**3. Type of trial:** Court.

**4. Final pretrial conference date:**

**5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10) and such other materials as may be required by the assigned judge:**

**6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or testimony):**

**7. Deadline to hear motions directed to the merits of all or part of the case:** No date at this time.

**I. Date of next case management conference:** November 28, 2008.

**J. OTHER MATTERS**

**K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

/S/Kimberly A. Hancock          Date: July 25, 2008
Kimberly A. Hancock, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
(415) 834-1778; FAX (415) 834-1842

Attorneys for Plaintiffs


The Court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to the conference.  The Court adopts this statement as modified and enters it as the order of this court pursuant to Civ.L.R. 16-8(b).

IT IS SO ORDERED

Dated:_____    _____
                                 The Honorable Maxine M. Chesney